[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ATTACHMENT
A default judgment was entered in this action by the court, Gill, J., in the amount of $9,750.00, together with costs of $174.20, against the defendant, Pauline Savelli, on January 15, 1991. On that same date, the defendant was ordered by the court to make weekly payments of $10.00 on the judgment, commencing February 25, 1991.
On January 7, 1993, almost two years after judgment was entered against the defendant in this action, the plaintiff, Hartford Accident Indemnity Co., filed a "Motion for Attachment" requesting that the court enter an order attaching the defendant's interest in the estate of Alice M. Savelli, pursuant to General Statutes52-279 et seq. In its motion the plaintiff asserts that the defendant is a beneficiary of the estate of Alice Savelli, who died intestate on June 10, 1991. The plaintiff further asserts that no final distribution of the estate has been made. The plaintiff claims that the defendant has made no payments on the judgment pursuant to the installment payment order of January 15, 1991.
In General Statutes 52-278a(d), "prejudgment remedy" is defined as "any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order." (Emphasis added.) CT Page 3950
General Statutes 52-279 provides in relevant part that "[a]ttachments may be granted upon all complaints containing a money demand against the estate of the defendant, both real and personal." (Emphasis added.) General Statutes 52-280 provides that
 [a] writ of attachment shall be served by attaching the estate of the defendant, personal or real, or both. The officer serving the process shall leave with the person whose estate was attached, or at his usual place of abode, if within the state, a true and attested copy of the process and of the accompanying complaint, and of his return thereon, describing any estate attached.
Chapter 906 of the General Statutes, sections52-350a through 52-400e, inclusive, is entitled "Postjudgment Procedures." In General Statutes52-350a(15), "postjudgment procedure" is defined as "any procedure commenced after rendition of a money judgment. . ." "`Money judgment' means a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money. . ." General Statutes52-350a(13).
No Connecticut cases could be found in which a court has allowed property, or an interest in property, to be attached pursuant to General Statutes 52-279 after a judgment had been rendered and an installment payment order issued. The wording of General Statutes52-278a(d), 52-279 and 52-280 indicate that an "attachment" is a prejudgment remedy, whereas the postjudgment procedures contained in Chapter 906 are the appropriate remedies for the plaintiff to pursue in a situation such as this one, where a money judgment has already been rendered against the defendant.
Accordingly, the plaintiff's "Motion for Attachment" is denied.
Mary R. Hennessey, Judge CT Page 3951